UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

OSCAR L. MENJIVAR,

    Petitioner,

vs.

WARDEN SCOTT FRAUENHEIM,

    Respondent.

No. C 14-5010 NJV (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

A jury convicted petitioner of first degree murder and battery causing bodily injury. He was sentenced to 29 years to life in state prison. Petitioner's appeals to the California Court of Appeal and California Supreme Court were denied.[1]

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[1] While this petition may be untimely, petitioner states that appellate counsel failed to send him the trial transcripts and he was unaware that his petition to the California Supreme Court was denied. The court will order respondent to show cause and respondent may raise the timeliness issue in a motion to dismiss.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support first degree murder; (2) trial counsel was ineffective by failing to inform petitioner that he could testify and for failing to present a defense regarding petitioner's use of a machete for work; (3) ineffective assistance of appellate counsel; and (4) erroneous jury instructions with respect to voluntary manslaughter.  Liberally construed, these claims are sufficient to require a response.[2]

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

---

[2] Petitioner's claim regarding his lack of access to his trial transcripts fails to state a federal habeas claim and is dismissed from the petition.

not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered.  If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 18, 2014.

NANDOR J. VADAS
United States Magistrate Judge

<b>United States District Court</b><br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| OSCAR L. MENJIVAR,<br><br>      Petitioner,<br>  v.<br>WARDEN SCOTT FRAUENHEIM<br>      Respondent.<br>_____/ | No. 1:13-CV-2350 NJV<br><br>CERTIFICATE OF SERVICE |

I, the undersigned, hereby certify that on December 18, 2014, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below, by depositing said envelope in the U.S. Mail.

Oscar L. Menjivar
G-41310
CSP-Pleasant Valley B2-203
P.O. Box 8500
Coalinga, CA 93210

                                                /s/ Linn Van Meter
                                      _____
                                                Linn Van Meter
                                          Administrative Law Clerk to
                                        the Honorable Nandor J. Vadas