UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR L. MENJIVAR,<br>　　　　　Petitioner,<br>　　v.<br>SCOTT FRAUENHEIM,<br>　　　　　Respondent. | Case No. 14-cv-05010-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. No. 8 |

Oscar Menjivar, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Menjivar has filed an opposition, and respondent has filed a reply.[1] The motion is granted.

**I.　STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due

---

[1] The Court did not receive Menjivar's opposition; however, respondent has included a copy of the filing in his reply. Docket No. 9.

diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may also start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United State Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

### A. Background

In 2009, Menjivar was sentenced to 29 years to life in prison for first degree murder. Motion to Dismiss ("MTD") at 2. The California Court of Appeal affirmed the judgment on March 17, 2011. MTD, Ex. 1 at attachment. Menjivar filed a petition for review in the California Supreme Court on April 14, 2011, that was denied on June 8, 2011. MTD, Ex. 1, 2.

On August 11, 2014, Menjivar filed a petition for writ of habeas corpus in the California Supreme Court. MTD, Ex. 3.[2] The petition was denied on October 15, 2014. MTD, Ex. 4. This federal petition was filed on November 5, 2014.

### B. Discussion

Here, Menjivar had ninety days from June 8, 2011, when the state high court denied review, to file a petition for a writ of certiorari with the United State Supreme Court. *See Bowen*,

---

[2] The Court applies the mailbox rule to all of petitioner's habeas filings in state court and in this court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1   188 F.3d at 1159.  He did not.  Thus, petitioner's one-year limitations period began to run on
2   September 7, 2011, and expired on September 6, 2012.  *See* 28 U.S.C. § 2244(d)(1).

3   A habeas petition was filed in the California Supreme Court on August 11, 2014, nearly two years after the expiration of the statute of limitations.  Menjivar will not receive statutory tolling for this petition as it was filed after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Thus, this petition filed on November 5, 2014, is untimely by several years unless saved by equitable tolling.

### C. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in limited circumstances.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").  The diligence required to establish entitlement to equitable tolling is "reasonable diligence."  *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted).  Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence."  *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Menjivar argues that he is entitled to equitable tolling because his appellate attorney never sent him the trial transcripts or notice that the California Supreme Court denied his petition for review on June 8, 2011. Menjivar wrote a letter to appellate counsel on December 5, 2013, seeking to learn the status of his petition for review filed on April 14, 2011. Petition at 18. Menjivar wrote a second letter to appellate counsel on January 7, 2014. Petition at 17. Menjivar wrote another letter to appellate counsel on January 21, 2014, indicating that he learned from the California Supreme Court that his petition for review was denied in 2011. Petition at 16. Menjivar also requested his trial transcripts and records. *Id*. Appellate counsel replied to Menjivar's letters on April 9, 2014. Petition at 23. He indicated that he searched his office and storage area but did not have the transcripts and inferred that he must have sent them to Menjivar. *Id*. He also stated that if Menjivar wanted to file a federal petition he would need to request equitable tolling because the petition was denied by the California Supreme Court on June 8, 2012, which meant the federal habeas deadline was September 8, 2013. *Id*.[3] Appellate counsel also included a declaration stating that his usual practice is to inform a defendant of the end of his state proceedings and advise on pursuing federal remedies. Petition at 25. Since he found no record of advising Menjivar, appellate counsel concluded that he did not contact him. *Id*.

In noncapital cases, an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (in case where prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient); *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (attorney's failure to recognize that the delays of 91 and 81 days would render the state petitions untimely was not the result of an "external force" but the result of prisoner's own actions); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (distinguishing capital cases such as *Beeler* in which the petitioner has the right to a habeas petition filed by counsel); *see also Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-appointed

---

[3] Appellate counsel was mistaken. The California Supreme Court denied the petition for review on June 8, 2011, which meant the federal habeas deadline was September 6, 2012.

4

appellate counsel's negligence in failing to perfect direct appeal did not warrant equitable tolling because it did not cause delay in filing of federal petition).

But where the attorney's misconduct is sufficiently serious, as opposed to merely negligent, equitable tolling may be appropriate. *See Holland*, 560 U.S. at 651-52 (finding that while earlier cases have precluded the application of equitable tolling to "garden variety claim[s] of excusable neglect[,]" serious attorney misconduct may constitute extraordinary circumstances, even if it does not include proof of bad faith, dishonesty, divided loyalty, mental impairment and the like); *Doe v. Busby*, 661 F.3d 1001, 1013-1015 (9th Cir. 2011) (finding extraordinary circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half-year delay in eventually filing a pro se petition attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer).

The issue for this case, assuming appellate counsel failed to inform Menjivar of the denial by the California Supreme Court and failed to send him the trial transcripts, is whether these actions are mere negligence or serious attorney misconduct constituting extraordinary circumstances. Several courts have rejected equitable tolling in similar circumstances. *See*, *e.g.*, *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (no extraordinary circumstance where petitioner "impl[ied] that counsel was derelict in failing to timely notify him of the state court's disposition"); *Dominguez v. Brazelton*, No. 12-cv-6288 LHK, 2014 WL 94324, at *3-4 (N.D. Cal. Jan. 9, 2014) (no equitable tolling where counsel did not inform petitioner that his conviction had been affirmed on direct appeal); *Ursua v. Hedgpeth*, No. 10-cv-1316 JF, 2011 WL 3443423, at *3 (N.D. Cal. Aug. 5, 2011) (no equitable tolling where counsel failed to notify petitioner of California Supreme Court denial of review); *Banks v. Walker*, No. 07-cv-02022 AK, 2010 WL 5200920, at *1 (E.D. Cal. Dec. 15, 2010) (no equitable tolling where counsel failed to notify petitioner about the denial of his direct appeal), *certificate of appealability denied by Banks v. Walker*, No. 11-15089 (9th Cir. May 24, 2012); *Mollison v. Martel*, No. 08-cv-0994 JAM EFB P, 2009 WL 2940912, at *3 (E.D. Cal. Sept. 10, 2009) (no extraordinary circumstance where petitioner alleged "that counsel failed to communicate information (crucial as it may have proven

to be) under circumstances that suggest attorney negligence"), *certificate of appealability denied by Mollison v. Martel*, No. 10-15556 (9th Cir. Aug. 12, 2011).

The Court agrees with the holdings that a petitioner is not entitled to equitable tolling where counsel did not inform him that his conviction had been affirmed on direct appeal. Moreover, not only were appellate counsel's actions mere negligence, but Menjivar has failed to demonstrate that he had been pursuing his rights diligently.  He did not begin to contact appellate counsel until December 5, 2013, more than two and a half years after the petition for review was filed.  There are no contentions that Menjivar attempted to contact the California Supreme Court or ascertain the status of his petition through any other means in this two-and-a-half-year span. Menjivar's second letter to appellate counsel was sent on January 7, 2014, in an attempt to learn the status of the California Supreme Court petition.  Two weeks later Menjivar wrote another letter indicating that he had learned from the California Supreme Court that his petition for review had been denied in 2011.  Within this short time period, Menjivar was able to discover the status of the petition.  It is not clear why he did not pursue this information earlier.

Nor is Menjivar entitled to equitable tolling because he never received the trial file and transcripts.  He presents no specific argument concerning why he needed the file and transcripts and how the lack of the file and transcripts prevented him from timely filing a federal petition. Merely stating that he needed the file without providing more specific reasons for needing it is insufficient.   Unless Menjivar can "'point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed,'" he is not entitled to equitable tolling. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (omission in original) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009)).  For all these reasons Menjivar is not entitled to equitable tolling, and the petition is dismissed.

**II.   CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 8) is **GRANTED** and this case is **DISMISSED**.

2. A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: May 19, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR L. MENJIVAR,<br><br>     Plaintiff,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>     Defendant. | Case No.  14-cv-05010-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar L. Menjivar ID: G-41310
CSP-Pleasant Valley B2-203
P.O. Box 8500
Coalinga, CA 93210

Dated: May 19, 2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO